**Jose Osmin NUNEZ, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–73045.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 28, 2005.

Carol A. Dvorkin, Esq., Law Office of Carol A. Dvorkin, San Francisco, CA, for Petitioner.

Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Joanne E. Johnson, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, WARDLAW and TALLMAN, Circuit Judges.

MEMORANDUM **

Jose Osmin Nunez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

We conclude that substantial evidence supports the IJ's decision because Nunez failed to offer evidence that the "groups" who approached him for recruitment did so on account of his political opinion, and was thus unable to prove past persecution. *See id.* at 481–83, 112 S.Ct. 812. Similarly, he has offered no evidence that such "groups" might persecute him on an account of an enumerated ground if he were to return to El Salvador. *See id.* at 483, 112 S.Ct. 812.

Nunez's contention that the BIA is required to supply further reasons for its affirmance fails because the BIA adopted the IJ's reasoning. *See Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir.1995) (BIA may adopt the IJ's decision where it has given individualized consideration to the particular case, but chooses to use the IJ's words rather than its own). To the extent Nunez argues that his case was not appropriate for streamlining and summary affirmance, the claim fails because the BIA did not use the streamlining process here.

Regarding Nunez's argument that he was denied a fair hearing, we conclude that the IJ's remarks reflected no bias, but that even if the IJ had been biased, Nunez failed to show that he suffered any prejudice because the record more than adequately supports the denial of his asylum application. *See Hassan v. INS*, 927 F.2d 465, 469 (9th Cir.1991).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

